No. 34,276

MAY DARRINGTON, *Appellant,* v. IVAN CAMPBELL and A. W. CAMPBELL, *Appellees.*

(94 P. 2d 305)

Opinion filed October 7, 1939.

*Wm. H. McHale, Thomas H. Finigan, Charles S. Schnider* and *Frederick R. White,* all of Kansas City, for the appellant.

*Blake A. Williamson, James K. Cubbison* and *Lee Vaughan, Jr.,* all of Kansas City, for the appellees.

The opinion of the court was delivered by

ALLEN, J.: This action was brought by Mary Darrington to recover damages for the death of her husband in an automobile collision. Defendant prevailed, and plaintiff appeals.

On July 23, 1936, between the hours of 11 o'clock p. m. and 12 o'clock midnight, one John Henderson was driving a Ford coach east on State avenue in Kansas City, Kan.; at the same time the defendant, Ivan Campbell, was driving a Plymouth sedan west on the same avenue; the cars collided at the intersection between State avenue and North Washington boulevard; and as a result of the collision one Allen Darrington, who was riding in the Ford coach with Henderson, was killed.

The petition charged that the defendant, Ivan Campbell, was careless and negligent in driving without any lights burning on his car, in driving at a high rate of speed in total disregard of the rights of others, in making a left turn without warning or signal, in driving

on the wrong side of the highway, and in driving his car in violation of certain city ordinances.

The answer of defendant charged that the death of Darrington was caused by his own carelessness and negligence; that he knew or by the exercise of reasonable care could and should have known that Henderson, who was driving the Ford coach, was a reckless, careless and negligent driver; that the Ford coach was old, dilapidated and out of repair; that its brakes, steering gear and other controls were old, worn, defective and out of repair; that it did not have sufficient lights; that at the time of the accident and some time prior thereto Henderson was driving such car at a high, intensive and dangerous rate of speed, and that the deceased Darrington, although he knew such facts, failed to warn the driver as to the danger in the excessive speed he was operating such car.

Upon a trial on these issues the jury rendered a general verdict for defendant, and returned answers to special questions.

In answer to the question: "What was the proximate cause of the accident?" the jury returned the answer: "Negligence on both drivers."

There was evidence in the record which tended to show that the Ford car driven by Henderson, in which the deceased Darrington was riding, approached and entered the intersection at a high rate of speed; that it was without lights; that it did not reduce its speed at the slow sign before entering the intersection; that Darrington did not say anything to the driver Henderson about "look out," "stop" or "watch your driving," and that while Darrington was watching the driver, he never said a word to him at any time.

Plaintiff contends that the negligence of the driver Henderson could not be imputed to Darrington; that the answer to the special question is inconsistent with the general verdict and must control.

The law applicable to the facts has long been settled in this state.

In *Little v. Hackett*, 116 U. S. 366, 29 L. Ed. 652, 6 Sup. Ct. 391, it was held that the negligence of the driver of a vehicle could not be imputed to a passenger, and would not bar recovery from a railroad company for injuries suffered from a collision of its train with the vehicle, caused by the negligence of both the managers of the train and the driver of the vehicle. In that case the court examined and repudiated the doctrine of *Thorogood v. Bryan*, 8 C. B. 115, 137 Eng. Reprint 452, that the passenger was so far "identified" with the driver that he became chargeable with the negligence of the driver.

*Little v. Hackett* was followed in England, *Mills v. Armstrong* (The "Bernina"), 13 A. C. 1, 58 L. T. R. 423; in most of the American states (Sherman & Redfield on Negligence, 6th ed., sec. 66), including Kansas, *City of Leavenworth v. Hatch,* 57 Kan. 57, 45 Pac. 65; *Bower v. Railroad Co.,* 106 Kan. 404, 188 Pac. 420; *Clark v. Railroad Co.,* 115 Kan. 823, 224 Pac. 920; *Link v. Miller,* 133 Kan. 469, 300 Pac. 1105.

In *Reiter v. Grober,* 173 Wis. 493, 181 N. W. 739, 18 A. L. R. 362, the doctrine of "identification" announced in *Thorogood v. Bryan,* and which had been followed in that state, except as to public conveyances, was "laid at rest after a vigorous life of fifty years."

But while a guest is not chargeable with the negligence of the driver, it does not follow that the guest is absolved from the duty to use due care for his own safety. While the negligence of the driver is not to be imputed to the guest or passenger, the circumstances may be such as to make it the duty of the guest to look and listen and warn or attempt to control the driver for his own protection. If he fails to use due care and caution under the circumstances, and his own negligence contributes proximately to the accident and was a substantial factor in bringing about his harm, he is barred from recovery. The question of the contributory negligence of the guest or passenger is for the jury to determine, unless the evidence is such as to require the court to determine it as a question of law. Thus, in *Bush v. Railroad Co.,* 62 Kan. 709, 64 Pac. 624, it was said:

"Where one person is riding with another for the mutual pleasure of both, with equal opportunity to see and ability to appreciate the danger, and is in fact looking out for herself, but makes no effort to avoid the danger, she is chargeable with the want of care which results in injury." (Syl. ¶ 3.)

This doctrine has been followed in this state. (*Kirby v. Railway Co.,* 106 Kan. 163, 186 Pac. 744; *Sharp v. Sproat,* 111 Kan. 735, 208 Pac. 613; *Knight v. Railway Co.,* 111 Kan. 308, 206 Pac. 893.)

It was the duty of Darrington to look out for his own safety as far as it was practicable. Under the evidence the jury was warranted in finding that he was guilty of contributory negligence and that such negligence was a substantial factor in bringing about his death. (*Ferguson v. Lang,* 126 Kan. 273, 268 Pac. 117; *Shrewsbury v. Goodacre,* 135 Kan. 230, 10 P. 2d 1.)

For the reasons stated the answer to the special question was not inconsistent with the general verdict. If the negligence of both

drivers had caused the accident resulting in the death of the guest Darrington, and Darrington had not been guilty of contributory negligence, the answer to the special question would have been inconsistent with the general verdict. Here the contributory negligence of Darrington was an issue in the case; it was alleged in the answer, and was submitted to the jury by proper instructions. The jury returned a general verdict for the defendant, and this was warranted by the evidence. It imports a finding that the decedent was guilty of contributory negligence which was a proximate cause of his death.

A general verdict for defendant imports a finding in his favor upon all the issues in the case which are not inconsistent with the special findings. (*Morrow v. Bonebrake,* 84 Kan. 724, 115 Pac. 585.) If there is apparent inconsistency between the answers to special questions and the general verdict, nothing is presumed in aid of the special findings, and every reasonable presumption will be indulged in favor of the general verdict. (*Hiler v. Cameron,* 144 Kan. 296, 298, 59 P. 2d 30.)

While this conclusion compels an affirmance of the judgment, perhaps one further point deserves comment. Plaintiff sues as the widow and sole heir of Darrington. The burden was on the plaintiff to show that she was the lawful wife of Allen Darrington at the time of his death. The jury found that Allen Darrington had married one Beatrice Oliver in Phillips county, Arkansas, and further found that Beatrice Darrington was alive on July 26, 1936. It thus became necessary to show that these parties had been divorced. In answer to questions 2 and 4 the jury answered that they had "no knowledge" on the question of divorce.

The rule in this state is that when a jury answers a special question, "we do not know" or "no knowledge," the answer is properly construed against the party on whom was the burden of proof with respect to the matter to which the question relates. (*Schwab v. Nordstrom,* 138 Kan. 497, 27 P. 2d 242; *Pioneer Trust Co. v. Combs,* 123 Kan. 356, 255 Pac. 81.)

It would seem, therefore, that the plaintiff has failed to prove that she was the wife of Allen Darrington at the time of his death. The answer "no knowledge" was equivalent to a finding that there had been no divorce between Allen Darrington and Beatrice.

Other questions raised have been considered, but do not call for further discussion.

The judgment is affirmed.