No. 39,976

IDA BEYE, *Appellant*, v. MARTIN Y. ANDRES, *Appellee.*

(296 P. 2d 1049)

Opinion filed May 5, 1956.

*Fred R. Vieux,* of Augusta, argued the cause, and *Frantz G. Loriaux,* of Augusta, was with him on the briefs for the appellant.

*Milton Zacharias,* of Wichita, argued the cause, and *Kenneth H. Hiebsch, Richard A. Render,* and *Albert L. Kamas,* all of Wichita, were with him on the briefs for the appellee.

The opinion of the court was delivered by

WERTZ, J.: This was an action to recover damages for personal injuries resulting from an automobile collision occurring at an uncontrolled intersection of two county roads. From a general verdict and judgment in favor of the defendant, plaintiff appeals.

Appellant Ida Beye will be hereinafter referred to as plaintiff, and appellee Martin Y. Andres, as defendant.

The petition alleged plaintiff was riding in an automobile driven by her son, traveling west on the Harry Street Road about eight miles east of Wichita, where it intersects the north and south township road; that her son reduced the speed of the automobile to about fifteen to twenty miles an hour and drove into the intersection. When the automobile in which plaintiff was riding arrived approximately midway in the intersection, the defendant driving north at a speed from fifty to sixty-five miles an hour on the township road entered the intersection and struck the automobile in which plaintiff was riding, injuring her, as fully set out in the petition. Plaintiff alleged defendant was guilty of negligence in failing to keep a lookout, excessive speed, in failing to keep his automobile under proper control when entering an intersection when the view to his right was obstructed by trees, fences and farm buildings, in failing to yield the right of way to cars approaching from his right, and in driving his car into the intersection after the car in which the plaintiff was riding had so entered. Plaintiff prayed judgment in a specified amount.

Defendant answered with a general denial and alleged that the driver of the car and plaintiff were engaged in a joint enterprise, or that he was the agent, and that he was guilty of specific acts of negligence which were the proximate cause of the accident. The reply was a general denial. On the pleadings thus joined, the respective parties presented their evidence and the case was submitted to a jury, which returned a general verdict for the defendant.

No special questions were submitted to the jury. Plaintiff filed a motion for a new trial on the ground of abuse of discretion of the trial court, erroneous rulings, erroneous instructions, passion and prejudice, that the verdict was contrary to the evidence, and filed a motion to set aside the general verdict. From an order of the trial court overruling the mentioned motions, plaintiff appeals.

Plaintiff first argues that the trial court erred in refusing to give certain of its requested instructions and in giving certain erroneous instructions. In the first place, plaintiff's abstract contains only instructions Nos. 3, 4, 11, 15 and 21 given by the trial court. We must assume that the trial court gave at least twenty-one instructions covering the issues presented in the case. It is contended by plaintiff that some of the instructions were too general and not sufficiently full, and that the trial court failed to define and apply the law to the evidence.

Where instructions are challenged on the ground that they are not full enough to cover the issues in the case, and where a party expects to argue that the trial court erred in not giving requested instructions, he must bring up all instructions given by the trial court. Otherwise, there is no way for this court, on review, to determine what may or may not have been included in those instructions not brought here. It devolves upon the party appealing to bring up a complete record of matters on which review is sought, and it is not incumbent upon the defensive party to supplement the necessary record to sustain appellant's contentions of error. (*Parnell v. Security Elevator Co.,* 174 Kan. 643, 650, 651, 258 P. 2d 288; *Lambert v. Rhea,* 134 Kan. 10, 14, 4 P. 2d 419; *State v. Leigh,* 166 Kan. 104, 109, 199 P. 2d 504; 3 Am. Jur., Appeal and Error, 256, § 651.) Unless an instruction to which an objection is made is a clear and prejudicial misstatement of the law, it can be reviewed only when other instructions, which may or may not qualify its intent and effect, are made a part of the record in order that all may be examined together. (*State v. Leigh,* supra.) We are not in a position to pass upon the plaintiff's criticism pertaining to the court's instructions, since the abstract contains only five of those given, and an examination of those fails to disclose any prejudicial misstatement of the law applicable to the case. We are unable to say that the court did not sufficiently cover plaintiff's requested instructions in those given but not made a part of the record on appeal.

Plaintiff next contends that the court erred in permitting defendant to amend his answer setting up contributory negligence and instructing the jury on contributory negligence, when there was no evidence in the case to warrant either the amendment or the instruction. It may be stated that at the close of the evidence, plaintiff asked permission to amend her petition to conform to the proof, which was allowed by the trial court. The defendant then asked permission to amend his answer to conform to the proof by setting up contributory negligence of the plaintiff as a defense, which was allowed.

G. S. 1949, 60-759, provides the court may, before or after judgment, in furtherance of justice and on such terms as may be proper, amend any pleading by inserting other allegations material to the case, or conform the pleading or proceeding to the facts proved, when such amendment does not change substantially the claim or defense.

The allowance or refusal of amendments to pleadings is within the sound discretion of the trial court, and it is only when there is a manifest abuse of that discretion that reversible error can be predicated thereon. (*Bank v. Badders*, 96 Kan. 533, 152 Pac. 651; *Lindas v. Salt Marsh Hunting Ass'n*, 144 Kan. 490, 61 P. 2d 880.) In the case of *Slaton v. Union Electric Ry. Co.*, 158 Kan. 132, 145 P. 2d 456, we held that where the defense of contributory negligence was not pleaded in defendant's answer, it was sufficiently raised by a demurrer to plaintiff's evidence when that evidence clearly showed its relevancy. In the instant case, the cross-examination of the plaintiff disclosed sufficient evidence of contributory negligence on her part to justify the amendment and in submitting the question of contributory negligence to the jury.

Plaintiff testified that her son was driving the automobile in which she was riding, that she did not pay much attention to his driving, nor did she see the automobile of the defendant enter the intersection. She remembered the intersection involved and knew it was a bad corner, but she did not caution her son that it was a bad intersection, and she made no attempt or independent observation as to whether there might be a car coming from the south; that her attention was not on the particular intersection nor the method in which her son was handling the car, and that she was busying herself with whatever else she had to do on the trip. Other evidence in the case disclosed that the view was obstructed at this

intersection, and that the car in which plaintiff was riding entered the intersection at a speed of approximately thirty-five or forty miles per hour. No useful purpose could be gained in reciting the highly controversial evidence as related by the parties and their respective witnesses. It may be said that this was purely a fact case, and the question of negligence of the defendant, the contributory negligence of the plaintiff, and the proximate cause were questions of fact properly submitted to the jury, and the jury by its general verdict for the defendant, imports a finding in his favor upon all issues in the case, including a finding that defendant was not guilty of any negligence which was the proximate cause of plaintiff's injuries. (*Johnson-Sampson Construction Co. v. Casterline Grain & Seed, Inc.*, 173 Kan. 763, 769, 252 P. 2d 893; *Lord v. Hercules Powder Co.*, 161 Kan. 268, 272, 167 P. 2d 299.) It is a general rule in this state that although the negligence of a driver is not imputed to a guest, or passenger, it nevertheless is the duty of a guest, or passenger, to exercise reasonable care for his own safety and, where he has the same opportunity as the driver to observe the dangerous conditions and circumstances and fails to take any precaution whatsoever for his own safety until it is too late, the matter of his contributory negligence is a proper question to be submitted to a jury. (*Curtiss v. Fahle*, 157 Kan. 226, 139 P. 2d 827; *Darrington v. Campbell*, 150 Kan. 407, 409, 94 P. 2d 305.)

Other questions raised in plaintiff's brief have been covered in issues heretofore discussed and need no further attention. A careful examination of the record reveals that the court did not err (1) in permitting the defendant to amend his answer, (2) in overruling plaintiff's motion for a new trial, and (3) in overruling plaintiff's motion for judgment notwithstanding the verdict.

The judgment is affirmed.