No. 40,313

GEORGE G. RIPLEY, *Appellee*, v. WILLIAM HARPER, *Appellant*.

(309 P. 2d 412)

Opinion filed April 6, 1957.

*Evart Garvin*, of St. John, argued the cause, and *Robert Garvin* and *Morris Garvin*, both of St. John, and *Alfred Williams*, of Pratt, were with him on the briefs for the appellant.

*B. V. Hampton* and *Bill Murray*, both of Pratt, argued the cause and were on the briefs for the appellee.

The opinion of the court was delivered by

PRICE, J.: This action for damages arises out of an intersection collision in the town of Coats. Judgment was for plaintiff, and defendant appeals.

The petition charged that defendant was negligent in driving at a high and excessive rate of speed under the circumstances then existing; in failing to keep his truck under proper control; in failing to keep the proper lookout for others, and in operating his vehicle in such a manner that he failed to stop and permit plaintiff's vehicle to proceed through the intersection; in failing to yield the right of way to which plaintiff was lawfully entitled, and in failing to do anything to avoid the collision.

Defendant's answer contained the usual denials and charged that plaintiff's injuries were the direct and proximate result of his own negligence in operating his vehicle at a high and excessive rate of speed; in failing to yield the right of way to defendant who was lawfully entitled thereto; in failing to keep a proper lookout for

other users of the highway, and in failing to do any other act to avoid the collision.

We consider it unnecessary to narrate the evidence in detail, and it is sufficient to say that plaintiff approached the intersection from the west and defendant approached it from the south. The collision occurred in the northeast quadrant of the intersection, and there was evidence to indicate that defendant's truck struck the right rear end of plaintiff's vehicle. The intersection in question was not controlled by traffic signs.

The jury returned a general verdict in favor of plaintiff and its answers to special questions found that plaintiff was traveling twenty miles per hour when he entered the intersection; that nothing prevented plaintiff from observing the approach of defendant's truck from the south; that plaintiff saw defendant's truck approaching from the south prior to the collision; that the collision would have occurred if plaintiff had exercised ordinary and reasonable care in protecting himself; that defendant's truck did not enter the intersection prior to when plaintiff's vehicle did; that plaintiff looked to the south before entering the intersection; that plaintiff did not apply his brakes, reduce his speed or attempt to turn out in order to avoid the collision, and that plaintiff, through his own negligence, did not contribute to or cause the collision.

Motions to set aside answers to certain of the special questions on the ground they were not supported by the evidence, to set aside the verdict and to render judgment on answers to certain of the special questions, and for a new trial, being overruled, defendant has appealed.

His first specification of error is that the trial court erred in denying him permission to amend his answer prior to commencement of the trial.

In connection with this complaint it appears that the parties had participated in a pretrial conference some two or three weeks prior to the date set for trial, at which conference the matters in issue had been clearly defined. On the day of trial defendant sought to amend his answer by including therein a city ordinance of Coats which provided that no one should operate a vehicle on any of the city streets at a speed in excess of fifteen miles per hour. This request to amend was denied.

Defendant argues that because of the jury's finding that plaintiff was traveling twenty miles per hour when he entered the inter-

section the violation of the city ordinance thus became vitally important. In view of the record we think the point is not well-taken. Defendant's answer, upon which the parties went to trial, charged plaintiff with excessive speed in entering the intersection, and the record establishes that the question of plaintiff's speed was in issue throughout the trial. Aside from the fact that a violation of a traffic ordinance is not in and of itself sufficient to bar one's recovery as a matter of law, and that to prevent recovery it must appear that such violation was the proximate and legal cause of the resulting injury (*Crawford v. Miller*, 163 Kan. 718, 186 P. 2d 116; *Rohrer v. Olson*, 172 Kan. 674, 677, 242 P. 2d 825), it cannot be said that the denial of defendant's request to amend his answer in any way prejudiced his rights. All of the facts relative to plaintiff's speed were presented to the jury, and it found that his speed of twenty miles per hour was not a contributing factor to the collision.

Another specification of error relates to the refusal of the trial court to submit a special question asking whether the collision was the result of an unavoidable accident.

We find nothing in the record to indicate anything other than that the collision was the result of negligence on the part of either or both parties involved. There was no evidence to justify the submission of the question, and it was not error to refuse to give it.

Other specifications of error relate to the refusal to give certain requested instructions, the giving of certain instructions, the denial of defendant's motion to set aside the verdict and to render judgment on the answers to special questions, the denial of defendant's motion to set aside answers to special questions, and the denial of defendant's motion for a new trial.

In his brief, however, defendant more or less abandons these last-mentioned specifications of error and devotes his principal argument to the proposition that under the evidence it is clearly established that plaintiff was guilty of contributory negligence and therefore is barred from recovery.

This case presents a good illustration of the many "fact" cases reaching this court which revolve around the question of "who got to the intersection first," or who was or was not guilty of negligence in operating a motor vehicle. On many occasions a reading of the cold printed record would seem to lead to a conclusion different from that found by a jury. That, however, is not the test. In the absence of error relating to the admissibility of evidence, instruc-

tions given or refused, or other trial errors prejudicially affecting the substantial rights of the parties, a finding of fact by a jury, when supported by substantial competent evidence, is final and is not to be disturbed by an appellate court.

Here the principal issue concerned the due care or lack thereof on the part of each driver in entering the intersection. Plaintiff's theory was that inasmuch as he reached the intersection first he had a right to assume that defendant would observe the law and yield the right of way. (*Siegrist v. Wheeler*, 175 Kan. 11, 16, 259 P. 2d 223.) All of these matters were properly within the province of the jury to determine. All issues, including that of contributory negligence on the part of plaintiff, were resolved in plaintiff's favor. The special findings are consistent with each other and with the general verdict, and are supported by the record. The jury was properly instructed on all material matters in issue. It is not claimed that the verdict is excessive. No error has been made to appear and the judgment is therefore affirmed.