No. 40,883

Roy H. Carlburg, *Appellee,* v. The Wesley Hospital and Nurse Training School, *Appellant.*

(323 P. 2d 638)

Opinion filed April 7, 1958.

·*William Tinker* and *Hugh P. Quinn,* both of .Wichita, argued the cause and *Getto McDonald, Arthur W. Skaer, William Porter, John E. Lancelot,* and *Alvin D. Herrington,* all of Wichita, were with them on the briefs for the appellant.

*John C. Frank,* of Wichita, argued the cause and *Robert L. Morrison, Robert S. Lomax,* and *Fred J. Gasser,* all of Wichita, were with him on the briefs for the appellee.

The opinion of the court was delivered by

HALL, J.: This is an appeal from a judgment in a personal injury case.

The appellee, Roy H. Carlburg, sued the appellant, the Wesley Hospital and Nurse Training School, for damages for personal injuries sustained by him while a patient in the hospital.

Carlburg was a patient in the hospital for a series of operations. After the second operation and while still under the influence of an anesthetic, Carlburg was moved from the recovery room to a room which he was to occupy as a patient. Shortly afterward he fell out of bed sustaining severe injuries.

In his petition he alleged that the hospital, its employees and attending nurses, neglected to place the side boards on the bed in an upright position to protect and prevent him from falling out of bed.

The case was tried to a jury which returned a verdict of $41,259.17 in favor of Carlburg.

Appellant makes six specifications of error:

"1. The trial court erred in overruling the defendant's demurrer to the plaintiff's evidence. . . .

"2. The trial court erred in restricting the cross-examination of plaintiff's witnesses and its ruling on hypothetical questions.

"3. The trial court erred in giving Instruction No. 7 over the recorded objection of the defendant.

"4. The trial court erred in its failure to give defendant's requested Instruction No. 1, No. 2, No. 3, No. 5, and No. 6 over the recorded objection of the defendant to the court's failure to give those requested instructions.

"5. The trial court erred in overruling the defendant's motion for a new trial.

"6. The trial court erred in entering judgment for the plaintiff and against the defendant absent approval of the jury's verdict."

In a demurrer to the evidence this court is called upon to review only the sufficiency of the evidence and not to weigh it for the purpose of rendering a decision on the merits of the action, and this same duty is incumbent on the trial court. In testing the

sufficiency of evidence as against a demurrer, the court shall consider all of the evidence as true, shall consider that favorable, together with all reasonable inferences to be drawn therefrom, and disregard that unfavorable, and shall not weigh any part that is contradictory, nor weigh any difference between direct and cross-examination, and give the evidence a liberal construction resolving all doubt against the party making the demurrer and, if so considered, there is any·evidence which supports or tends to support the case on any theory, the demurrer shall be overruled. (*Kendrick v. Atchison, T. & S. F. Rld. Co.,* 182 Kan. 249, 320 P. 2d 1061, and authorities cited therein.)

We have examined the record within the limitations of this rule. The trial court did not err in overruling appellant's demurrer to the evidence.

Appellant contends the trial court restricted its cross-examination of appellee's witnesses and erred in its ruling on hypothetical questions.

Appellee called Collis Graber as a witness. On direct examination it was established that she was a registered nurse who was on private duty near the room to which appellee had been removed from the recovery room, and had found him lying on the floor after he had fallen from bed. The witness declared that it was only recently that recovery or wake-up rooms had been used. No attempt was made to determine whether she knew of recovery room procedure or whether she in fact had any experience with it. On cross-examination appellant propounded a hypothetical question on whether, on an assumed set of facts, it was good medical care to let appellee go from the recovery room. Counsel for appellee objected and the court sustained the objection on the ground that the facts of the question were not in evidence.

Appellant contends that the court erred in its ruling in that on cross-examination hypothetical questions asked of expert witnesses need not be limited to the testimony in the case but may be based on conjectural facts, citing Jones on Evidence [4th Ed.], Volume 2, § 389, pp. 734-735; *Levine v. Barry,* 114 Wash. 623, 195 Pac. 1003; Rogers on Expert Testimony [2nd Ed.], § 33, p. 79; *Proechel v. United States,* 59 F. 2d 648; *Fort Worth & Denver Railway Company v. Janski,* 223 F. 2d 704; *Polley v. Oil Co.,* 89 Kan. 272, 131 Pac. 577; *Commercial Travelers v. Barnes,* 75 Kan. 720, 90 Pac. 293; *Bever v. Spangler and Blake,* 93 Iowa 576, 61 N. W. 1072; *Tele-*

*graph Co. v. Morris,* 67 Kan. 410, 73 Pac. 108; *Roark v. Greeno,* 61 Kan. 299, 59 Pac. 655; *Eames v. Clark,* 104 Kan. 65, 177 Pac. 540; *Cooper v. Helmerich & Payne,* 162 Kan. 547, 178 P. 2d 242.

We do not question the rules of law stated by these authorities but we cannot agree that they are applicable here. It is clear to us that hypothetical questions may be asked only of expert witnesses; that nonexperts may not testify as to their conclusions or opinions, either generally or on the basis of an assumed set of facts. This rule follows from the principle that the opinion of a nonexpert is unnecessary since the jury possesses the same skill as he in drawing inferences from the circumstances. (*Miller v. Knights and Ladies of Security,* 103 Kan. 579, 175 Pac. 397; *Oil Co. v. Drilling Co.,* 80 Kan. 261, 101 Pac. 1072; *Tefft v. Wilcox,* 6 Kan. 33 [2nd Ed.]; 2 Wigmore, Evidence § 679 [3rd Ed., 1940].)

Here the witness was not qualified as an expert and there is nothing in the record to indicate she was so considered by the court. As a general rule the possession of special and peculiar experience in relation to the subject matter must be expressly shown to qualify the witness as an expert. (*Denver v. Railway Co.,* 96 Kan. 154, 150 Pac. 562; *A. T. & S. F. Rld. Co. v. Sage,* 49 Kan. 524, 31 Pac. 140.) Here no testimony was offered of any occupational experience or systematic training of the witness which would make her opinion on recovery room procedure of any value. Indeed no attempt was made to show that the witness had any personal experience with the methods of recovery room treatment.

Since the witness was not qualified as an expert it was improper to propound a hypothetical question to her and the court's ruling in sustaining the objection to the question was correct.

Appellant also maintains that the trial court unduly restricted his cross-examination of other witnesses; that in view of the court's ruling on the hypothetical questions asked of Collis Graber it was not possible to pose similar hypothetical questions to other witnesses. This contention is without merit. Other of the witnesses were clearly qualified as experts on recovery room techniques and were qualified to answer any properly propounded hypothetical questions on recovery room procedure.

Appellant also specifies as error the failure of the trial court to give his requested instructions (Nos. 1, 2, 3, & 5) and the giving of instruction No. 7 over objection.

Appellant first requested an instruction (No. 1) on unavoidable accident. The court did not so instruct.

Generally speaking, when an accident is caused by negligence there is no room for application of the doctrine of "unavoidable accident," even though the accident may have been "inevitable" or "unavoidable" at the time of its occurrence, and one is not entitled to the protection of the doctrine if his negligence has created, brought about, or failed to remedy a dangerous condition resulting in a situation where the accident is thus "inevitable" or "unavoidable" at the time of its occurrence. In other words, a person is liable for the combined consequences of an "inevitable" or "unavoidable" accident and his own negligence. (*Knox v. Barnard,* 181 Kan. 943, 317 P. 2d 452; *Schmid v. Eslick,* 181 Kan. 997, 317 P. 2d 459.)

The facts of the accident in the case at bar do not bring it within the doctrine of "unavoidable accident." The term "unavoidable accident" excludes and repels the idea of negligence. It is an occurrence which is not contributed to by the negligent act or omission by either party. The term is synonymous with "mere accident" or "pure accident." These terms imply that the accident was caused by some unforeseen and unavoidable event over which neither party had control. (*Knox v. Barnard,* supra; *Schmid v. Eslick,* supra.)

Carlburg, who at the time of the accident was in at least a semiconscious condition, was under the complete control of the hospital, its employees and attendants. There was nothing unavoidable about this accident. Either the hospital was negligent in its duty to Carlburg or it was not and the court so instructed the jury.

Appellant requested the following instructions:

"No. 2

"You are instructed that the extent and character of the care that a hospital owes its patients depends on the circumstances of each particular case. A private hospital owes its patients the duty of protection, and must exercise such reasonable care toward a patient as his known condition may require. The measure of duty of a hospital is to exercise that degree of care, skill and diligence used by hospitals generally in that community, and required by the express or implied contract of the undertaking.

"*Marks v. St. Francis Hospital & School of Nursing,* 179 Kan. 268, 294 P. 2d 258.

"No. 3.

"You are instructed that the plaintiff in this case has not pleaded or proved that any special contract existed between him and the defendant. In the absence of any special contract, the rule of reasonable care as elsewhere set

forth in these instructions defines the duty of the hospital to the patient. In the absence of a special contract, there is no rule that the hospital must have a nurse in constant attendance of a patient, the rule being only that it exercise reasonable care toward a patient as his known condition may require.

"No. 5.

"You are instructed that a hospital's duty to use reasonable care is limited by the rule that no one is required to guard against or take measures to avert that which a reasonably prudent person under the circumstances would not anticipate as likely to happen. No man does or is required to take measures to avert dangers which the circumstances as known to him do not suggest as reasonably likely to happen. It is only when they have notice of some activity or action on the part of a patient that might cause him injury that they are required to be on guard against such an injury.

"*Fetzer v. The Aberdeen Clinic,* 48 S. D. 308, 204 N. W. 364."

The court instructed as follows:

"No. 7.

"You are instructed that if you find from the evidence that the defendant accepted the plaintiff, Roy Carlburg, as a patient and undertook to give him such care, nursing and attention as was reasonably necessary in view of his known condition, and negligently failed to keep and perform its undertaking, then, in that case, the defendant is liable for any injury which proximately resulted from such failure.

"You are further instructed that the measure of duty of a hospital is to exercise that degree of care, skill and diligence used by hospitals generally in this community, and required by the express or implied contract of the undertaking.

"No. 8.

"You are instructed that the plaintiff herein is not relying on any special contract in this case.

"No. 9.

"You are further instructed that a hospital is not an insurer of a patient's safety, and the rules as to the care required are limited by the rule that no one is required to guard against or take measures to avert that which a reasonable person under the circumstances would not anticipate as likely to happen."

Appellant complains that instruction No. 7 given by the court is not sufficient as a matter of law and contends that its instructions Nos. 2, 3, and 5 should have been given.

The Marks case is the law of this state and the court could have well used instruction No. 2; however, in our opinion instructions Nos. 7, 8, and 9 which were given are substantially the same as those requested. The trial court did not err in its instructions.

We have thoroughly examined specifications of error five and six and find no reversible error.

Appellant also argues that the verdict is excessive and that a

remittitur ought to be ordered. While the verdict is substantial it is not excessive in the minds of the court. We have examined the record and are satisfied that the evidence sustains the award of damages made by the jury.

The judgment is affirmed.