No. 42,599

EMPLOYERS' MUTUAL CASUALTY COMPANY and FLOYD C. PUCKETT, *Appellants,* v. PAUL M. MARTIN, JR., and LOUIS H. VALENTIN, Individually and Doing Business as VALENTIN SHEET METAL, *Appellees.*

(370 P. 2d 110)

Opinion filed April 7, 1962.

*Robert A. Thiessen,* of Wichita, argued the cause, and *Donald I. Mitchell, Richard W. Holmes* and *Nicholas W. Klein,* all of Wichita, were with him on the brief for the appellants.

*Donald R. Newkirk,* of Wichita, argued the cause, and *Wayne Coulson, Paul R. Kitch, Dale M. Stucky, Robert J. Hill, Gerrit H. Wormhoudt, Philip Kassebaum, John E. Rees, Robert T. Cornwell, Willard B. Thompson* and *David W. Buxton,* all of Wichita, were with him on the brief for the appellees. *Hugo T. Wedell* and *Homer V. Gooing,* of counsel.

The opinion of the court was delivered by

PRICE, J.: This was a subrogation action brought pursuant to the provisions of G. S. 1949, 44-504, as amended, and G. S. 1949, 44-532, to recover for personal injuries sustained by plaintiff, Floyd C. Puckett, a pedestrian, when struck by a truck owned by defendant, Valentin Sheet Metal, and being driven by defendant, Paul M. Martin, Jr.

No questions under the workmen's compensation act are involved in the case.

Puckett will be referred to as plaintiff and Martin as defendant.

A jury trial resulted in a general verdict for defendant. No special questions were submitted.

Plaintiff has appealed from the order overruling his motion for a new trial and sets forth seven specifications of error.

The controlling question in the case is whether, under the evidence, the court erred in giving, over plaintiff's objection, an instruction on *unavoidable accident.*

The answer to the question calls for a brief discussion of the evidence and the issues joined by the pleadings.

On the afternoon in question plaintiff had parked his delivery truck parallel to the west curb on a north-south street in Wichita. It was headed south. The street was thirty feet wide. After visiting with friends in a house nearby he returned to his truck. Being concerned about the amount of air in his left rear tire—he started to check it. As he was at the northeast corner of his truck checking the tire his foot was run over by a wheel of defendant's pickup truck, and he also was struck by a projecting rear-vision mirror on defendant's truck. He was thrown about twenty feet by the impact.

Defendant's truck was being driven north and at the instant in question was in the act of passing, on the left, another northbound vehicle. Due to the positions of the vehicles in question—although there was room to pass—it is apparent that it was a rather "close squeeze." Defendant was issued a traffic ticket for "driving on the wrong side of the street," and upon a plea of guilty was fined a nominal sum.

The petition charged defendant with various acts of negligence, including excessive speed and driving on the wrong side of the street.

The answer denied negligence and alleged that plaintiff's injuries were solely and proximately caused by his failure to exercise ordinary care. As a further defense it was alleged that plaintiff was guilty of contributory negligence and that the accident was an unavoidable accident, for which defendant was in no way to blame.

The reply denied plaintiff's negligence or contributory negligence, and specifically denied defendant's allegation of unavoidable accident.

In a number of recent decisions the court has had occasion to discuss questions relating to the "unavoidable accident" instruction. A few of them are: *Knox v. Barnard,* 181 Kan. 943, 317 P. 2d 452; *Schmid v. Eslick,* 181 Kan. 997, 317 P. 2d 459; *Carlburg v. Wesley Hospital & Nurse Training School,* 182 Kan. 634, 323 P. 2d 638; *Kreh v. Trinkle,* 185 Kan. 329, 343 P. 2d 213, and *Paph v. Tri-State Hotel Co.,* 188 Kan. 76, 360 P. 2d 1055.

No effort will be made to take up and discuss the facts of each of those cases but from them the rule is well established that, generally speaking, the term "unavoidable accident" excludes and repels the idea of *negligence* and refers to one which is not occasioned in any

degree, either directly or remotely, by the want of such care as the law holds every person bound to exercise, and that it is an occurrence which is not contributed to by the negligent act or omission of either party. Furthermore, when an accident is caused by negligence there is no room for application of the doctrine of unavoidable accident even though, because of the circumstances, the accident may have been "inevitable" or "unavoidable" at the time of its occurrence, and one is not entitled to the protection of the doctrine if his negligence has created, brought about or failed to remedy a dangerous condition resulting in a situation where the accident is thus inevitable or unavoidable at the time of its occurrence.

Defendant recognizes and concedes that in the ordinary negligence case an "unavoidable accident" instruction is not required and, in fact, should not be given, and we are told that when the matter of instructions was discussed with the trial court some of the above-mentioned decisions, particularly the Kreh case, were considered. In support of the giving of the instruction it is argued that throughout the trial plaintiff sought to avoid his own misconduct by showing that its consequences were unavoidable insofar as his actions were concerned, and since the jury could reasonably have concluded that defendant was not negligent, the jury also could reasonably have concluded there was neither negligence nor contributory negligence, and therefore the case was peculiarly one in which the instruction was proper.

In our opinion defendant's contention cannot be sustained.

There being no special findings, the basis of the jury's verdict for defendant is of course not known. Be that as it may, from an examination of the record it is clear that the evidence was such that the jury could reasonably have concluded that this accident was the result of negligence on the part of either or both of the parties. The mere fact that it may have been "inevitable" or "unavoidable" at the time of its occurrence would not entitle either party to the protection of the doctrine of unavoidable accident where the situation thus brought about resulted from such party's negligence.

Our conclusion, therefore, is that the instruction in question was erroneously given, and the judgment is therefore reversed with directions to grant a new trial.