No. 45,512

ORBY A. CURBY, *Appellant,* v. ULYSSES IRRIGATION PIPE COMPANY, INC., a corporation, *Appellee.*

(464 P. 2d 245)

Opinion filed January 24, 1970.

*Lelyn J. Braun*, of Garden City, argued the cause, and *Dale H. Corley*, of Garden City, was with him on the brief for appellant.

*Lloyd Haag*, of Garden City, argued the cause, and *A. M. Fleming, David E. Templeton, Dale E. Saffels* and *Clifford R. Hope, Jr.*, of Garden City, were with him on the brief for appellee.

The opinion of the court was delivered by

FATZER, J.: This was an action for personal injuries and property damage sustained by the plaintiff, Orby A. Curby, when his automobile was struck by a trailer owned by the defendant, Ulysses Irrigation Pipe Company, Inc. The trailer was being pulled by the defendant's pickup truck which was driven by its employee, Alvin M. Calvin.

The parties will be referred to as they appeared in the district court.

The issues were tried to a jury which returned a special verdict in favor of the defendant. (K. S. A. 60-249 [a].) The plaintiff has appealed and assigns as error the overruling of his motions for judgment notwithstanding the verdict and for a new trial.

The crux of the appeal is whether, under the evidence, the district court erred in giving, over the plaintiff's objection, an instruction on "unforeseeable accident."

The determination of the question requires a brief resumé of the issues set forth in the pretrial order and the evidence. The pretrial order superseded all pleadings and controlled the subsequent course of the action. As stated therein, the issues are summarized:

On June 25, 1966, the plaintiff was driving his 1965 Ford automobile and pulling a 1966 Shasta Trailerette in the eastbound traffic lane on U. S. 50 Highway approximately four miles east of Lakin, Kansas. He was traveling between 45 and 50 miles per hour. The highway was blacktop surfaced, 30 feet six inches wide, and in good condition. The plaintiff met a 1966 Ford pickup truck owned by the defendant and operated by its employee, Calvin. The pickup was traveling approximately 50 miles per hour in the westbound traffic lane and was pulling a four-wheel trailer loaded with irrigation pipe. As the two vehicles met, the trailer suddenly made a sharp swerve and crossed over the center line of the highway and into the eastbound traffic lane where the plaintiff was

proceeding. The plaintiff did his best to avoid a collision but was unable to do so. The left front of the trailer collided with the left front and side of the plaintiff's automobile at an angle. The point of impact was two feet south of the center line in the eastbound traffic lane. The pickup truck did not collide with the plaintiff's automobile. As a result, the plaintiff sustained property damage and personal injuries in the amounts alleged.

The plaintiff contended the collision was proximately caused by the negligence of the defendant in the following particulars: (1) In allowing the trailer to cross over into the plaintiff's side of the highway; (2) in having a defective hitch and tongue upon the trailer; (3) in operating the pickup truck when it had a low left rear tire which was known by the defendant's employee or should have been known by him, and (4) in failing to inspect the tires on the pickup and discover the damaged tire.

The defendant admitted the collision occurred at the time and place alleged, and that Calvin was its employee who was driving the pickup in the course of his employment. It further admitted the trailer crossed over the center line into the plaintiff's side of the highway, but alleged it did so because of a sudden and un-avoidable accident in that the left rear tire on the pickup suddenly went flat as a result of picking up a four-inch spike, causing an unavoidable swerve of the trailer. It specifically denied that it or its employee were negligent in any respect, and alleged the col-lision was the result of an unavoidable accident; further, that any damages sustained by the plaintiff were incurred because of his contributory negligence and want of care, since he had opportunity to observe the trailer swerving and failed to stop or steer his vehicle to avoid the collision.

Both parties offered evidence, and at the conclusion of the trial the plaintiff and the defendant each moved for a directed verdict which was overruled. The plaintiff made objection to Instruction No. 11 on unavoidable accident, and to Special Question No. 1 as to the defendant's negligence, which were overruled.

The district court submitted a special verdict in the form of special written findings upon issues of fact to which the parties had stipulated and agreed in the pretrial order with respect to the defendant's negligence and the plaintiff's contributory negligence. In answer to Question No. 1, the jury found the defendant's driver was not guilty of any act or acts of negligence in the particulars

claimed by the plaintiff which was or were the proximate cause of the collision.

The plaintiff's motions for judgment notwithstanding the verdict and for a new trial were overruled by the district court.

The plaintiff contends the district court erred in permitting the defense of unavoidable accident to be brought into the case, and in giving Instruction No. 11 over his objection. The instruction reads:

"No. 11

"The burden of proof is upon the plaintiff to prove to your satisfaction the following:

"1. That the defendant or the defendant's driver was negligent in one or more of the particulars contended by the plaintiff, as set out in Instruction No. 2.

"2. That said negligence was the proximate cause of the collision.

"3. The damages sustained.

"The defendant admits that the trailer was on the wrong side of the road but contends that it got there without negligence upon the part of the defendant or the defendant's driver because of a sudden unforeseeable accident in that the left rear tire of the pickup suddenly went flat as a result of picking up a four inch spike. The burden of proof is upon the defendant to prove that such sudden unforeseeable accident occurred.

"If you find that such sudden unforeseeable accident occurred, without negligence upon the part of defendant or its driver, and that after it occurred the defendant's driver was unable in the exercise of ordinary care to avoid the collision, then you should answer Special Question No. 1 'No'.

"That a sudden unforeseeable accident occurred is the only issue upon which the defendant has the burden of proof. Upon all other issues the burden of proof remains upon the plaintiff.

"An unforeseeable accident is an occurrence which could not reasonably have been foreseen or anticipated by an ordinarily intelligent careful prudent person under like circumstances."

In *Kreh v. Trinkle,* 185 Kan. 329, 343 P. 2d 213, this court broadly disapproved "pure accident," "unavoidable or inevitable accident," or equivalent accident instructions in negligent cases involving motor vehicles. The rationale of the court's disapproval was based upon the fact that in a negligence action the plaintiff must prove the injury complained of was proximately caused by the defendant's negligence, and the defendant under a general denial may show any circumstance which mitigates against his negligence or its causal effect. The court declared that since such an instruction merely restates a feature of the law of negligence which in substance is necessarily covered by proper instructions on negligence, burden of proof, and proximate cause, it is not needed, serves no useful purpose,

operates to overemphasize the defendant's case, and tends to mislead and confuse the jury.

Running through our decisions is the rule that the foundation for an unavoidable accident or equivalent accident instruction exists only when the court can say there is *no evidence of a negligent act or omission* of one or both of the parties to the action. In other words, if there is any evidence of *negligence* of either party, such an instruction has no application to the case. (*Knox v. Barnard,* 181 Kan. 943, 317 P. 2d 452; *Schmid v. Eslick,* 181 Kan. 997, 317 P. 2d 459; *Ripley v. Harper,* 181 Kan. 32, 309 P. 2d 412; *Carlburg v. Wesley Hospital & Nurse Training School,* 182 Kan. 634, 323 P. 2d 638; *Employers' Mutual Casualty Co. v. Martin,* 189 Kan. 498, 370 P. 2d 110; *Kreh v. Trinkle,* supra; *Cagle Limestone Co. v. Kansas Power & Light Co.,* 190 Kan. 544, 376 P. 2d 809; *Paph v. Tri-State Hotel Co.,* 188 Kan. 76, 360 P. 2d 1055; PIK 8. 82.) In *Employers' Mutual Casualty Co. v. Martin,* supra, it was said:

". . . Furthermore, when an accident is caused by negligence there is no room for application of the doctrine of unavoidable accident even though, because of the circumstances, the accident may have been 'inevitable' or 'unavoidable" at the time of its occurrence, *and one is not entitled to the protection of the doctrine if his negligence has created, brought about or failed to remedy a dangerous condition resulting in a situation where the accident is thus inevitable or unavoidable at the time of its occurrence."* (l. c. 500.) (Emphasis supplied.)

See, also, *Gardner v. Welk,* 193 Kan. 445, 447, 393 P. 2d 1019, and *Herrington v. Pechin,* 198 Kan. 431, 434, 424 P. 2d 624.

The plaintiff's request that we determine the propriety of Instruction No. 11 is in violation of our rule relating to appellate review. It is incumbent upon the party appealing to bring up a complete record of all matters upon which appellate review is sought. Unless an instruction to which an objection is made is a clear and prejudicial misstatement of the law, it can be reviewed only when other instructions which may or may not modify its intent and effect are made a part of the record, in order that all instructions given may be examined together. (*Beye v. Andres,* 179 Kan. 502, 296 P. 2d 1049; *Robles v. Central Surety & Insurance Corporation,* 188 Kan. 506, 363 P. 2d 427; *State v. Lemon,* 203 Kan. 464, 466, 454 P. 2d 718.) The plaintiff failed to include in the record all the instructions given by the district court, but we are told in his brief the court properly instructed the jury on all phases of the law of negligence appropriate to the issues set forth in the

pretrial order and to the facts and circumstances established by the evidence of the parties.

The term "unavoidable accident" excludes and repels the idea of negligence of either party, and implies that the injury could not have been prevented by their exercise of ordinary care and prudence. Hence, and as indicated, if there is any evidence in the record of negligence of either party, an unavoidable or equivalent accident instruction has no application to the case. In this connection, the fact that the instruction used the term "unforeseeable accident" does not except it from our holding in *Kreh v. Trinkle*, supra. The term bears the same connotation as the term "unavoidable accident" as has been used in instructions in negligence cases involving motor vehicles, and will be considered in that context in our disposition of this appeal.

The district court overruled both parties' motions for directed verdicts, and permitted the issues to be resolved by the jury on the basis of the plaintiff's claim of negligence against the defendant, and its claim of contributory negligence on the part of the plaintiff. It appears the district court was of the opinion a *prima facie* case had been established by the plaintiff's evidence and that he had carried his burden of proof on the issue of the defendant's negligence. If the cause of the injury was unknown, or if the evidence showed no negligence on the part of the defendant, it would have been entitled to a directed verdict.

In the case before us there is strong evidence the defendant driver failed to use proper care in inspecting and maintaining the defendant's equipment. He had stopped for gasoline approximately four miles east of the point of impact and failed to inspect his tires. The left rear tubeless tire had a four-inch nail in the outer portion which did not penetrate the casing but caused a slow leak where the nail entered the tire. Because of the wearing effect of the tire around the site of the nail, the evidence was it had been in the tire for some time—it had been picked up quite awhile before the collision, but not within 500 feet from the point of impact. As a result of the slow leak, the tire became low which caused the trailer to whip, and as a result of the whipping, one side of the A-frame hitch which fastened the trailer to the pickup broke, and a portion of the broken hitch dropped down and made gouge marks in the blacktop pavement at intervals for at least 500 feet east of the point of impact. The defendant's driver felt the pickup

weave once or twice before the collision and its sudden movement to the left when the trailer went onto the plaintiff's side of the highway. He did not hear the hissing sound of escaping air prior to the collision, but simultaneously with the impact he heard a hissing of air. After the collision the left rear tire was flat but the other three tires on the pickup were properly inflated. The only way the low tire could have suddenly gone flat was a sudden pull or push sideways on the rear of the pickup which would cause the bead or rim of the tire to break from the edge of the wheel, which "would let the air out all at once." The cords on the inside of the tire were not out of place and if the tire had been run flat it would have had a "rim cut on it."

Was Instruction No. 11 a clear misstatement of the law? Considering the evidence of both parties as disclosed in the record, we conclude it was. We are of the opinion the evidence disclosed negligence on the part of the defendant and, under the rule heretofore stated, it was not entitled to an instruction on "unavoidable accident." The negligence of its driver had created, brought about, or failed to remedy a dangerous condition resulting in a situation where the collision was made inevitable or unavoidable at the time of its occurrence, but that does not entitle the defendant to the protection of the doctrine of unavoidability. (*Employers' Mutual Casualty Co. v. Martin,* supra.)

Was the instruction prejudicial? The determination whether the probable effect of the instruction has been to mislead the jury and whether the error has been prejudicial so as to require reversal depends upon all the circumstances of the case, including a consideration of all the evidence. No precise formula can be drawn. (*Kreh v. Tringle,* supra.) With the possible exception of conflicting testimony with respect to the escaping of air from the tire when the collision occurred, there is no affirmative evidence that the collision resulted from any cause other than the negligence of the defendant. The special verdict of the jury in favor of the defendant, notwithstanding this state of the record, is in itself an indication that the jury was misled to the plaintiff's prejudice. Moreover, the giving of the instruction obviously overemphasized the defendant's case, and the instruction suggested to the jury that it should consider unavoidability as an issue or ground of defense separate and apart from the question of negligence and proximate causation. An attempt by the jury to carry out the direction of the

instruction could be expected to result in confusing and misleading its members. In this connection, we keep in mind the tendency which such an instruction would have to induce the jury to believe that the sudden movement of the trailer onto the plantiff's side of the highway was an unavoidable occurrence; that it caused the collision, and that, accordingly, no one should be held liable. In addition, the jury may have been led to disregard the permissible inferences of the plaintiff's evidence that the defendant's driver was negligent in not properly maintaining and inspecting the tires and equipment and that he failed to exercise ordinary care and prudence in view of all the facts. Under the circumstances, the record indicates that the error of the district court in giving Instruction No. 11 was prejudicial.

The judgment of the district court is reversed with directions to sustain the plaintiff's motion for a new trial, and to proceed in accordance with the views expressed in this opinion.

FROMME, J., concurring: The giving of Instruction No. 11 was prejudicial error under the facts of this case and properly results in a reversal, but I do not agree that the term, "unforeseeable accident", used by the trial court can be equated with the terms "pure accident", "unavoidable accident" or "inevitable accident".

As pointed out in the opinion of the court the term unavoidable accident, negates evidence of a negligent act or omission. In other words the defendant did not act or fail to act in a negligent manner.

However, the term, unforeseeable accident, when used in law admits negligence and negates proximate or direct cause. In other words the defendant may have been negligent but the accident or harm resulting was not a natural consequence of defendant's negligence.

In *Elliott v. Chicago, Rock Island & Pac. Rld. Co.*, 203 Kan. 273, 454 P. 2d 124, it is said:

"The proximate cause of an injury is that cause which in natural and continuous sequence, unbroken by any efficient intervening cause, produces the injury, and without which the injury would not have occurred, the injury being the natural and probable consequence of the wrongful act." (Syl. ¶ 8.)

"The natural and probable consequences of the negligent act are those which human foresight can anticipate because they happen so frequently they may be expected to recur." (Syl. ¶ 9.)

The consequences of an act which human foresight cannot an-

ticipate are unforeseeable. Unforeseeability may arise by reason of an intervening cause, regardless of defendant's negligence.

As pointed out in *Lee v. Mobil Oil Corporation*, 203 Kan. 72, 74, 452 P. 2d 857, the requirement of foreseeability of the consequences places a limitation on the liability for the injury. When harm results from the intervention of an unforeseeable force of nature (act of God) liability does not fall on the defendant. The proximate or direct cause of plaintiff's damage stems from the intervening cause.

There was evidence in this case from which the jury might find the defendant negligent. There was no evidence that the accident was a direct result of some intervening cause. It was admitted that defendant's trailer crossed over the center line of the highway and caused the accident. The issue to be submitted to the jury was negligence, not intervening cause. If defendant was negligent he was liable for plaintiff's injuries and damage.

It was prejudicial error for the trial court to interject the question of foreseeability into the deliberations of the jury. Therefore, while disagreeing with the court's opinion which equates the term, "unforeseeable accident", with the term, "unavoidable accident", I concur in the reversal of the case on appeal.

SCHROEDER, J., joins in the foregoing concurring opinion.

FONTRON, J., dissenting: With due respect to the sagacity of my distinguished colleagues I find myself unable to agree with their several divergent views.

Very simply, I cannot consider Instruction No. 11, which the majority disdains, as a clearly inaccurate or distorted statement of legal principle. While perhaps the instruction is not phrased in the polished cadence or impeccable diction expected of an Ivy League proctor it would not, in my judgment, confuse, befuddle or mislead the average Kansas jury. In my opinion the jury which heard this case knew exactly what the issues were between these litigants, and made its determination accordingly.

Assuming solely for the sake of argument, since I could not concede that an "unforeseeable" accident may be equated with one which is "unavoidable", the record is entirely void of any taint of prejudice. No rule of law is more firmly rooted in our jurisprudence than this: that a litigant is entitled to have the jury instructed in

his theory of the case. In *Avey v. St. Francis Hospital & School of Nursing*, 201 Kan. 687, 442 P. 2d 1013, this court declared:

"A party is entitled to an instruction which is essential to his theory of the case when there is sufficient evidence to support such theory. (*Kreh v. Trinkle*, [185 Kan. 329, 343 P. 2d 213] supra.)" (p. 699.)

The evidence in this case was highly conflicting. While certain portions of the plaintiff's evidence is summarized in the majority opinion, it was largely contradicted by the defendant's evidence, including the testimony given by the driver of the defendant's truck to the following effect: that the accident resulted from the sudden deflation of a tire on the defendant's truck which caused the trailer to whip across the pavement and the pickup truck itself to overturn. This testimony supported the defense set forth in the defendant's answer. The defendant was entitled to have the theory underlying his defense presented to the jury. Instruction No. 11 performed that function adequately.

Although Instruction 11 is contained in the record, none of the other instructions have been abstracted. As indicated in the majority opinion, this court for many years has adhered to the rule that unless a challenged instruction presents a clear and prejudicial misstatement of law, it will be reviewed only where the instructions as a whole have been made a part of the record. (See cases in 1 Hatcher's Kansas Digest (Rev. Ed.), Appeal & Error, § 170.)

In my opinion, Instruction No. 11 does not clearly misstate the law. Neither may it be termed prejudicial in view of the evidence of record. Under the court's own rule review of the challenged instruction should not have been undertaken.

For the reasons advanced above I must dissent.

PRICE, C. J., joins in the foregoing dissent.