No. 20,792.

JOEL N. MOLER, *Appellee*, v. THE CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY, *Appellant*.

### SYLLABUS BY THE COURT.

RAILROAD CROSSING— *Traveler in Wagon—Train Visible— Collision— Contributory Negligence.* The rule that contributory negligence is not to be ascribed as a matter of law to one who, through bewilderment, makes an injudicious choice of a means of escape from a sudden peril, does not apply in an action against a railway company for injuries resulting from ı a crossing collision, where the defendant's only negligence was in running the train at sixteen miles an hour, and the plaintiff while driving a team at an ordinary walk could have seen the train when it was 300 feet away and he was 22 feet from the track, and there was nothing to prevent his turning to one side excepting his fear and excitement.

Appeal from Jewell district court; RICHARD M. PICKLER, judge. Opinion filed July 7, 1917. Reversed.

*Paul E. Walker,* and *Luther Burns,* both of Topeka, for the appellant.

*T. M. Mahin, F. W. Mahin,* both of Smith Center, *D. M. McCarthy,* and *J. R. White,* both of Mankato, for the appellee.

Moler v. Railway Co.

The opinion of the court was delivered by

MASON, J.: Joel N. Moler was in a wagon, driving south on the main street of Esbon, toward its intersection with the Rock Island railroad, as a passenger train approached from the west, the station being about 350 feet east of the street. The engine struck the horses and overturned the wagon, causing injuries on account of which Moler sued the receivers of the railway company. The plaintiff recovered and the defendant appeals.

The only question presented is whether the special findings show conclusively that the accident was due to the plaintiff's failure to exercise ordinary care, and therefore require a judgment for the defendant notwithstanding the general verdict against it. The jury found, in answer to special questions, that the plaintiff was familiar with the place and had been in the habit of crossing the track there for about seven years; that the whistle was sounded at the whistling post; that the train was running at the rate of sixteen miles an hour; that the plaintiff could have seen it approaching when it was 300 feet from the crossing, and he was within 22 feet of the nearest rail; and that he was driving at an average walking gait. In reply to a question calling for a statement of the acts of negligence upon which they based a verdict for the plaintiff they answered:

"That the defendant's servants negligently and carelessly ran one of their locomotives and train of cars attached thereto up to, upon, and across said crossing at a dangerous rate of speed, and further that after the fireman saw the plaintiff, that no signals were given of the approach of the train."

Inasmuch as the plaintiff could have seen the approaching train at least as soon as the fireman saw him, and did do so if he exercised sufficient diligence to relieve himself from the charge of contributory negligence, the latter portion of the finding just quoted may be disregarded, for the failure to notify him of the oncoming train after it was visible to him could not form a basis for a judgment in his favor. The jury also found that the crossing bell—an automatic electric gong— was not ringing. If the failure to keep that device in working order had necessarily constituted negligence the finding as

to the negligence relied upon could be interpreted as an enumeration of the grounds of negligence additional thereto. (*Springer v. Railroad Co.*, 95 Kan. 408, 147 Pac. 1108.) But the question whether such failure was negligence was one of the issues of fact submitted to the jury, and their omission to include it in their enumeration of negligent acts relied upon shows that they did not consider the company in fault with respect thereto. (*Adams v. Railway Co.*, 93 Kan. 475, 144 Pac. 999.) A further finding was made that certain witnesses named did not hear the engine bell ring. This does not necessarily imply that it was not ringing, and does not modify the finding which limits the negligence relied upon to those specifically named. (*Land v. Railroad Co.*, 95 Kan. 441, 445, 148 Pac. 612.) Two other questions and answers read thus:

"Could the plaintiff at any point where he could have seen the train had he looked and before reaching the main track have turned to the left and avoided the accident? A. No.

"If you answer the last question in the negative, then state what if anything prevented him from so doing. A. Through fear, fright or excitement."

As the plaintiff was enabled to see the train while he was still twenty-two feet from the track, his effort to cross ahead of it would ordinarily be held to constitute contributory negligence as a matter of law. A somewhat similar case, in which the earlier ones are collected, is *Railway Co. v. Wheelbarger*, 75 Kan. 811, 88 Pac. 531. The answer last quoted necessarily excludes the hypothesis that the highway to the east was obstructed, or that the team had become unmanageable.

It is therefore obvious that the plaintiff is precluded from recovery, irrespective of the defendant's negligence, on the ground that he was himself negligent in driving upon the track after he saw, or should have seen, the approaching train, unless his case is saved by the findings to the effect that he was prevented from turning to the left, and thus avoiding the accident, by "fear, fright or excitement." In other words the question presented is whether the case falls within the rule by which in some circumstances the conduct of a plaintiff, which otherwise would be regarded as contributory negligence as a matter of law, is relieved from that characterization by the fact that he was so situated that he had to choose between several methods of avoiding an imminent peril, and made an

Moler v. Railway Co.

injudicious selection through fear and bewilderment. For that rule to apply, according to its usual statement, it is necessary that the peril by which the plaintiff was confronted should have been brought about by the negligence of the defendant. (*Railroad Co. v. Brock*, 69 Kan. 448, 77 Pac. 86; *Johnson v. Railroad Co.*, 80 Kan. 456 ,462, 103 Pac. 90; *Wheeler v. Oregon R. R., etc., Co.*, 16 Ida. 375, 399; Note, 37 L. R. A., n. s., 43.) The contrary view is taken in a Tennessee case, where it is said:

"But it is a mistake to assume, as is done by the plaintiff in error, that the application of this rule is restricted to cases where the peril producing the confusion of judgment, and the consequent false effort to escape, is the negligent act of the party creating the peril. Judge Elliott, in section 1173, Vol. 3, of his work on Railroads, says: 'The rule goes further than to exonerate the traveler where the peril is caused by the railroad company; for if, without fault himself, the traveler is placed in a position of sudden peril by a third person, or by some accident—as, for instance, by horses running away—he may be absolved from exercising that degree of care required of one in ordinary circumstances.' " (*Chattanooga Elec. Ry. Co. v. Cooper, Admr.*, 109 Tenn. 308, 312.)

The quotation made from Elliott is garbled. The full text reads thus, the omitted words being italicised:  "The rule, *however, in some jurisdictions,* goes further than to exonerate the traveler when the peril is caused by the act of the railroad company," etc.   (3 Elliott on Railroads, § 1173.)   But whether or not the emergency must be due to the defendant's negligence, in order for the plaintiff to avail himself of the principle, it must not have been occasioned by his own want of care. "When a man's own negligence has led him into the peril and emergency the rule does not apply." (Note, 37 L. R. A., n. s., 54.)   Another qualification of the rule has been thus stated by the author already referred to:

"Where a traveler, not being in fault himself, in endeavoring to escape from a sudden and threatening peril caused by the negligence of the company, places himself in a position of danger, his act is generally held not to proximately contribute to the injury, and the sole proximate cause of the injury is the negligence of the railroad company. The rule, however, can not obtain where the danger is one incident to the place, its use or surroundings, for such danger is not a sudden peril within the meaning of the law, but a danger to be anticipated and guarded against by proper care and precaution." (3 Elliott on Railroads, §1173.)

Here, by the findings of the jury, the defendant did not negligently omit to give warning of the approach of the train and thereby lure the plaintiff into a position of danger. Its sole negligence lay in failing to cause the speed of the train to be' reduced to less than sixteen miles an hour. The exercise of ordinary prudence required the plaintiff, as he drew near the crossing, to assume that a train might be coming, until he was assured to the contrary by some reliable test, such as an unobstructed sight of the track. The fact that when he first reached a position from which he could see whether the track was clear, and while he was still twenty-two feet away from it, he found that a train was approaching, although its speed was sixteen miles an hour, did not, in our judgment, create such a sudden emergency as to prevent his driving upon the track from constituting contributory negligence as a matter of law, there being nothing to prevent his turning to one side excepting fear and excitement induced by the unexpected peril.

The judgment is reversed and the cause remanded with directions to render judgment for the defendant.