No. 43,739

DAVID GARDNER, by Lillian Gardner, His Natural Guardian and Next Friend, *Appellee*, v. ERNEST G. WELK, *Appellant*.

(393 P. 2d 1019)

Opinion filed July 14, 1964.

*H. Lee Turner,* of Great Bend, argued the cause, and *J. Eugene Balloun* and *James L. Berglund,* both of Great Bend, and *Don E. Brown,* of Pratt, were with him on the briefs for the appellant.

*Bill Murray,* of Pratt, argued the cause, and *B. V. Hampton,* of Pratt, was with him on the brief for the appellee.

The opinion of the court was delivered by

PRICE, J.: This was an action for damages for personal injuries arising out of a collision between defendant's automobile and the plaintiff's bicycle. The plaintiff was a six-year-old boy, and the action was brought by his mother as natural guardian and next friend.

Judgment was for plaintiff, and defendant has appealed.

Highly summarized, the facts are substantially as follow:

At about six o'clock in the evening on July 8, 1961, the defendant, age seventy-two, was driving his car in a westerly direction on a street in the city of Pratt. It was a through street, protected by stop signs at intersecting streets. The weather was clear and the pavement was dry. Plaintiff had approached on his bicycle from the north and had stopped at the stop sign at the intersection with the street on which defendant was driving. There was no other traffic in the immediate vicinity, and there were no parked vehicles obstructing the view of either party. It appears that both of them

entered and proceeded to go through the intersection at approximately the same time. The collision occurred in the intersection, and the point of impact was the left front portion of defendant's car and the left side of plaintiff's bicycle. There were several witnesses to the collision, and they had seen the plaintiff stopped on his bicycle at the stop sign at the north edge of the intersection. Defendant's testimony was to the effect that he did not see the plaintiff until the collision occurred.

After hearing all of the evidence, the jury returned a general verdict for plaintiff and also returned the following special findings:

"1. Do you find defendant, Ernest G. Welk, was confronted with a sudden emergency when he saw plaintiff coming south past the stop sign?

"Answer: Yes.

"2. If you answer the above question 'yes' state what, if anything, Ernest G. Welk could have done to avoid the collision other than to apply his brakes.

"Answer: Turn.

"3. State the speed at which Ernest G. Welk was traveling immediately prior to applying his brakes.

"Answer: 12-18 m. p. h.

"4. Do you find defendant's speed was reasonable and proper under the then existing circumstances?

"Answer: No.

"5. Do you find plaintiff minor came past the stop sign at a time when defendant's car was so close as to constitute an immediate hazard?

"Answer: Yes.

"6. Do you find defendant did everything a reasonable and prudent person could do to avoid the collision?

"Answer: No.

"7. As the defendant, Ernest G. Welk, approached the intersection, do you find there was anything in the situation then existing that would require him to anticipate a minor riding a bicycle would proceed past the stop sign in question and into the intersection?

"Answer: Yes."

Various post-trial motions were filed, including a motion for a new trial, all of which were overruled, and judgment was entered upon the verdict and special findings.

In his appeal defendant asserts thirteen specifications of error, but in his reply brief, and upon oral argument of the appeal, he candidly concedes that the decisive point in the case has to do with the question of instructions given and refused by the trial court.

It first is contended that insofar as defendant is concerned the collision was unavoidable, and therefore the trial court erred in refusing to give defendant's requested instruction on unavoidable accident.

The propriety of giving or refusing to give an instruction on "unavoidable accident" has been involved in many recent decisions of this court. The question is thoroughly discussed in *Knox v. Barnard,* 181 Kan. 943, 951, 952, syllabi 3 and 4, 317 P. 2d 452, and there is no need to repeat what was there said and held. To the same effect are: *Schmid v. Eslick,* 181 Kan. 997, 317 P. 2d 459; *Carlburg v. Wesley Hospital & Nurse Training School,* 182 Kan. 634, 323 P. 2d 638; *Kreh v. Trinkle,* 185 Kan. 329, 343 P. 2d 213; *Paph v. Tri-State Hotel Co.,* 188 Kan. 76, 360 P. 2d 1055; *Employers' Mutual Casualty Co. v. Martin,* 189 Kan. 498, 370 P. 2d 110, and *Cagle Limestone Co. v. Kansas Power & Light Co.,* 190 Kan. 544, 376 P. 2d 809.

Examining the record in this case, it is clear that in the very nature of things this collision could not have occurred except for the negligence of one or both of the parties. The mere fact that as to defendant it may have been "inevitable" or "unavoidable" at the time of its occurrence would not entitle him to the protection of the doctrine of unavoidable accident if the situation thus brought about was the result of his own negligence, and whether he was guilty of actionable negligence was of course a question for the jury. The court did not err in refusing to instruct on unavoidable accident.

It next is contended the trial court erred in refusing to give an instruction on "sudden emergency," especially in view of the fact it submitted a special question (No. 1, above) which asked whether defendant was confronted with a sudden emergency when he saw the plaintiff coming south past the stop sign.

During the discussion between court and counsel on the question whether the instruction should be given, the court commented to the effect that from the evidence it appeared that if defendant was confronted with a sudden emergency it was of his own creation in not seeing what he should have seen. We believe the trial court was correct in so concluding. In *Trinity Universal Ins. Co. v. Farmers Co-operative Exchange of Morland,* 171 Kan. 501, 233 P. 2d 468, it was said:

"And without citation of authority it may be said there is accord in holding that the rule of emergency or sudden emergency cannot be invoked by one who brought the emergency upon himself by his own wrong or who did not use care to avoid it." (p. 505.)

See also *Moler v. Railway Co.,* 101 Kan. 280, 283, 166 Pac. 488; *Barnhardt v. Glycerin Co.,* 113 Kan. 136, 140, 213 Pac. 663, 31

A. L. R. 721; *Eldredge v. Sargent*, 150 Kan. 824, 833, 96 P. 2d 870, and *Meng v. Penner*, 179 Kan. 789, 793, 298 P. 2d 246. Under the evidence in this case the court did not err in refusing to give the instruction on sudden emergency.

It also is contended the court erred in giving several instructions, particularly with reference to the degree of care to be exercised by a young child. Examination of the instructions given discloses no material error.

And, finally, it is contended the court erred in not submitting two requested special questions. One asked whether, as to defendant, the collision was the result of an unavoidable accident. In view of what has been said concerning the denial of the requested instruction on that point—the special question was properly refused. The other question asked the jury to state the act or acts of negligence on the part of defendant. The submission of such question would not have been improper, but, in view of other special questions submitted, it may not be said the refusal to submit it amounted to prejudicial error.

Some complaint also is made of other matters occurring at the trial—but require no discussion. The precise facts of this accident were sharply in dispute, but were resolved by the jury in its general verdict and special findings—and they find support in the evidence. The special findings are consistent with each other and with the general verdict—all of which were approved by the trial court. We find no prejudicial error in the record, and the judgment is affirmed.