No. 45,507

NORMAN B. KLINE, *Appellee,* v. KENT A. EMMELE, *Appellant.*

JAMES C. KLINE, *Appellee,* v. KENT A. EMMELE, *Appellant.*

(465 P. 2d 970)

Opinion filed March 7, 1970.

*John G. Atherton,* of Emporia, argued the cause, and *Marc A. Hurt,* of Emporia, was with him on the brief for the appellant.

*Keith A. Greiner,* of Emporia, argued the cause, and *Everett E. Steerman* and *Elvin D. Perkins,* both of Emporia, were with him on the brief for the appellees.

The opinion of the court was delivered by

HATCHER, C.: This appeal covers two separate actions resulting from a collision between two automobiles. One action was by the driver of the automobile for damages as the result of personal injuries sustained. In the other action the owner of the automobile driven by the injured party seeks property damages for injury to the automobile. The two cases were consolidated.

The plaintiffs sought recovery under the doctrine of res ipsa loquitur. The facts are not in serious dispute.

The plaintiff, Norman B. Kline, was driving his father's Chevrolet automobile north on Merchant Street, Emporia, Kansas, on October 5, 1965, at about 9:00 p. m. It was dark but the weather was clear and the streets were dry. He was approaching a parking lot maintained for the students of the Kansas State Teachers College, Emporia, on the east side of Merchant Street which he intended to enter. There were some people crossing the entrance to the parking lot, so he came to a stop about ten feet south of the entrance, still headed directly north. When the plaintiff stopped he signaled his intention. His brake lights were working. As he stopped, his automobile was struck in the rear by defendant's car.

At the trial, after disclosing the above facts, the plaintiffs introduced evidence as to the extent of the injuries and damages and rested.

The defendant, Kent A. Emmele, was the only witness testifying as to the direct nature and cause of the accident. He disclosed the following facts:

He was driving a Ford Falcon automobile two or three car lengths, maybe less, behind the Kline car. Both cars were traveling approximately 20 miles per hour. He did not see plaintiff give any signal to indicate he was stopping. His first indication that the plaintiff was slowing down was given by the distance between the two automobiles. As he hit the brake pedal it went all the way to the floor. He tried to swerve out of the way by swinging into the other lane but as he did so there was an impact with the left rear of the Kline vehicle. There was just one impact with the vehicle and after the impact Emmele thought he had hit the wrong pedal and switched his foot over and hit the accelerator. After impact his automobile was out of control and because of oncoming traffic and parked cars he hit a tree in order to stop his vehicle. Prior to this time he had never had any trouble with the brakes on the vehicle. The investigating officer observed brake fluid on the street south of the point of impact behind the vehicles and also on the differential housing of the Emmele vehicle. He checked the brakes on the Emmele vehicle and found there were no brakes. Emmele also observed the brake fluid on the street and the investigating officer pointed out to him a bruised looking spot on the brake line and he saw where the split or break in the brake line was located. He claimed not to have had time to apply his emergency brake.

On the above facts the case was submitted to the jury. The jury answered special questions as follows:

"1. Do you find that the defendant was guilty of any act or acts of negligence which was the direct cause of the collision?

"ANSWER: Yes.

"2. If your answer to Question No. 1 is 'Yes', state the act or acts of negligence of which defendant was guilty.

"ANSWER: Following too closely and not having car under proper control. Failure of driver to avoid collision by using emergency procedure."

The jury returned a verdict in favor of the plaintiff, Norman B. Kline, for personal injuries in the amount of $4,000, and a verdict in favor of the plaintiff, James C. Kline, for damages to the automobile in the amount of $400.

The defendant has appealed.

The appellant contends that the trial court erred in failing to give requested instructions with regard to the law on failure of brakes, creating an unavoidable accident and sudden emergency. The appellant makes no objection to the instructions on negligence, burden of proof and proximate cause.

We will first consider appellant's contention that the trial court erred in not giving his requested instruction with regard to the law pertaining to brake failure on automobiles creating an unavoidable accident.

The sudden failure of brakes without knowledge of any defect or fault on the part of the driver is a form of unavoidable accident. A defense based upon a claim of an unavoidable accident is merely a denial of negligence. (*Schmid v. Eslick*, 181 Kan. 997, 317 P. 2d 459; *Kreh v. Trinkle*, 185 Kan. 329, 343 P. 2d 213.)

The trend has been to disapprove unavoidable accident instructions where negligence, burden of proof and proximate cause have been properly defined in the instructions. We so stated in *Herrington v. Pechin*, 198 Kan. 431, 434, 424 P. 2d 624. (See, also, *Paph v. Tri-State Hotel Co.*, 188 Kan. 76, 360 P. 2d 1055; *Cagle Limestone Co. v. Kansas Power & Light Co.*, 190 Kan. 544, 376 P. 2d 809; *Gardner v. Welk*, 193 Kan. 445, 393 P. 2d 1019.)

In *Curby v. Ulysses Irrigation Pipe Co., Inc.*, 204 Kan. 456, 464 P. 2d 245, (No. 45,512), we stated:

"Running through our decisions is the rule that the foundation for an unavoidable accident or equivalent accident instruction exists only when the court can say there is *no evidence of a negligent act or omission* of one or both of the parties to the action. In other words, if there is any *evidence of negli-*

*gence* of either party, such an instruction has no application to the case. . . ." (p. ———. See, also, cases cited therein.)

We find no error in the failure to give the requested instruction.

The appellant next complains of the failure of the trial court to instruct the jury on sudden emergency or peril. The appellant had requested that the pattern instruction be given. (PIK 8.81.)

Again we must state that a claim of sudden emergency is but a denial of negligence. It simply refutes negligence—it does not seek to avoid liability for a negligent act. In *Lawrence v. Deemy*, 204 Kan. 299, 461 P. 2d 770, we stated:

"The doctrine of sudden emergency cannot be regarded as something apart from and unrelated to the fundamental rule that everyone is under a duty to exercise ordinary care under the circumstances to avoid injury to others. A claim of emergency is but a denial of negligence. Application of the doctrine is really application of the test for negligence couched in language tailored to a peculiar situation. The fact that a person is confronted with a sudden emergency not caused by his own tortious conduct which requires rapid decision is merely a factor in determining the reasonable character of his choice of action and whether his conduct constituted negligence. (Restatement of Torts § 296.) . . ." (p. 303.)

In 8 Am. Jur. 2d, Automobiles and Highway Traffic, § 1030, p. 588, we find the following statement:

"The determination as to either the giving of an .instruction on the rule of sudden emergency in a motor vehicle accident case or the validity of a given instruction on such rule may depend upon or be affected by various circumstances and considerations relating particularly to the existence and nature of the claimed emergency, the creation or cause thereof, and acts or conduct in meeting it. The application of such circumstances or considerations may in some cases be limited or peculiar to particular emergencies or accidents, or to those occurring in a particular manner or situation."

Certainly if all of the above mentioned factors are to be given consideration in determining whether an instruction is to be given on sudden emergency, the question of whether or not the instruction should be given must be left to the sound discretion of the trial court when the circumstances and considerations are established by substantial evidence.

We are impressed with the suggestion that where there is definite evidence of negligence on the part of the defendant, the weight of such evidence might be entirely destroyed by an instruction on sudden emergency. Such an instruction might well cause the jury to lose sight of the negligence which caused the emergency.

The able trial judge no doubt recognized all of the above con-

siderations when he refused to give the instruction on sudden emergency.

We quote the appellant's next complaint:

"The trial court's Instruction No. 5 improperly and prejudicially stated the law with reference to vehicle control and the regulation of speed to ability to stop or turn aside within the range of vision in the situation shown by the evidence to have existed, i. e., a sudden emergency."

The appellant wants his claim of sudden emergency to be the only issue presented to the jury. The trial court and the jury were faced with the additional issue of whether the appellant was guilty of negligence which caused the emergency—driving too close to the rear of appellee's automobile.

The appellant does not question the accuracy of the instruction as a rule of law pertaining to control of vehicles during the night time. There is no merit in appellant's contention.

Appellant complains of the trial court's instruction to the jury to the effect that the plaintiff should be allowed "reasonable expense of necessary medical care, hospitalization, and treatment reasonably certain to be needed in the future." The basis of the complaint is that there was no evidence to support future medical care, hospitalization and treatment.

Appellee's doctor testified that appellee had suffered a fracture of the spinous process resulting in a bone fragment in the soft tissue adjacent to the spinous process of the second cervical vertebrae. It was his opinion that the injury had reached a maximum degree of recovery.

Any additional recovery would, of course, require future medical and hospital care. The doctor's testimony was not refuted by evidence for the appellant. The appellee recovered total damages in the amount of $4,000. We are not informed what amount, if any, was allowed for future medical and hospital care. However, we are in no position to say that there was no evidence justifying an instruction on the question of recovery for future medical and hospital care.

There was substantial competent evidence supporting the jury's answers to the special questions. A careful examination of the record discloses no trial errors which would justify the granting of a new trial.

The judgment is affirmed.

APPROVED BY THE COURT.

FONTRON, J., dissenting: I find myself unable to agree with the majority, for in my judgment the trial court erred in refusing the defendant's requested instruction on sudden emergency.

For many years Kansas has followed the rule that one who acts according to his own best judgment in a sudden emergency not brought on by his own negligence, or one who because of want of time in which to form a judgment omits to act in the most judicious manner, is not chargeable with negligence even though his judgment was wrongly exercised, provided he acts with the same degree of care and circumspection that others would exercise in like or similar circumstances. (*Barnhardt v. Glycerin Co.*, 113 Kan. 136, 213 Pac. 663; *Hill v. Southern Kansas Stage Lines Co.*, 143 Kan. 44, 53 P. 2d 923; *Metzinger v. Subera*, 175 Kan. 542, 266 P. 2d 287.)

This rule of conduct has for many years been expressed in civil trials throughout this state by means of jury instructions containing substantially the same language as that in requested instruction No. 6, which reads as follows:

"When one is suddenly confronted by an emergency not of his own making, consisting of circumstances that call for immediate, instinctive action, he is not required to exercise the same degree of care that he would be required to exercise had he time for reflection. Under such circumstances he is required to exercise such care as an ordinary person would exercise when confronted by a like emergency under circumstances then existing. The rule of sudden emergency cannot be invoked by a person who brought the emergency upon himself by his fault or did not use ordinary care to avoid it."

In my judgment, this is a fair statement of what has always been the law in Kansas. So impeccable is the lineage of the requested instruction that it can be found verbatim in Pattern Instructions for Kansas. (See PIK 8.81.) This work, which is promulgated by the Kansas District Judges Association, was compiled by judges of no mean ability and acumen, and has found wide acceptance throughout the courts of this jurisdiction.

A rear-end collision is involved in this case. The defendant's sole explanation of the impact was that his brakes suddenly failed from loss of fluid, thus confronting him with an emergency not of his own making. There was substantial evidence supporting this contention. A litigant is entitled to have the jury instructed on his theory of the case where there is evidence to support it. (*Avey v. St. Francis Hospital & School of Nursing*, 201 Kan. 687, 442 P. 2d 1013; *Kreh v. Trinkle*, 185 Kan. 329, 343 P. 2d 213.)

As I view the maligned instruction it would have served to assist

members of the jury in understanding the issues, rather than causing them confusion and leading them into error. I fear the court takes too limited a view of the understanding and perspicacity of the Kansas juror.

Was the trial court's refusal to give the requested instruction not only error, but prejudicial as well? From my point of view this question requires an affirmative answer. While it is true the jury found in response to Question 2 that the defendant was following too closely and did not have his car under proper control, it found also that the defendant *failed to avoid the collision by using emergency procedure.*

The answer to Question 2 must be construed as an entirety. Thus construed it is enigmatic, to say the least. At the very minimum it is subject to the interpretation that despite the fact defendant was following plaintiffs too closely, the collision could have been avoided, had defendant used available emergency measures.

The requested instruction would have had a direct bearing on the emergency procedures open to the defendant in avoiding the collision, and the jury should have been instructed as to the degree of care which the law requires a driver to exercise when confronted with a sudden emergency. From an impartial appraisal of the jury's answers I think it cannot fairly be said that failure to give the instruction was non-prejudicial.

Accordingly, and with due respect, I am obliged to dissent. I would return the case for a new trial.

PRICE, C. J. and KAUL, J., join in the foregoing dissent.